IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KEVIN BRAZIL § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil Action No. 5:20-cv-790 |
| NUSTAR SERVICES COMPANY, LLC § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kevin Brazil ("Plaintiff" herein) brings this lawsuit asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendant NUSTAR SERVICES COMPANY, LLC ("NUSTAR") and NUSTAR ENERGY LP and in support thereof shows as follows:

### I.     NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff was employed by one or more Defendants. It is asserted Defendants violated the FLSA by failing to pay Plaintiff for all hours and overtime hours worked. Plaintiff was not compensated at the rate of time and one-half his regular rate of pay when he worked over 40

hours per week, as required by law.  Moreover, when he complained about overtime, Defendants began a pattern of harassment and retaliation and ultimately terminated him, resulting in damages.

## II.   PARTIES

3. Plaintiff Kevin Brazil is an individual who was employed by Defendant within the meaning of the FLSA.  He hereby consents to be a party in this action.

4. Defendant NUSTAR SERVICES COMPANY, LLC ("NUSTAR" or "Defendant") is a Delaware corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.  However, a waiver of service will first be requested from Defendant.

5. Defendant NUSTAR ENERGY, LP ("NUSTAR" or "Defendant") is a Delaware corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.  However, a waiver of service will first be requested from Defendant.

## III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

8. At all material times, Defendants have acted directly or indirectly in the interest of an employer or joint employers with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendant(s) has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). NUSTAR is a service company involved in the transport, sale and/or storage of material and/or petroleum related products with a facility in San Antonio, Texas, where Plaintiff Brazil was employed.  He was terminated on or about May 8, 2020.

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

1. One or more of the named NUSTAR Defendants served as Plaintiff's employer as a service company involved in the transport, sale and/or storage of material and/or petroleum related products with a facility in San Antonio, Texas, where Plaintiff Brazil was employed.  He was terminated on or about May 8, 2020.

2. It is asserted Defendant does more than $500,000.00 per year in gross revenues.

3. Plaintiff was employed by one or more Defendants as a Pipeline Controller 2 where he was one of many employees who ran and controlled a pipeline system for one or more of the NUSTAR Defendants. Plaintiff started with the company in 2003.  The company became NUSTAR in 2007.  He worked on a fluctuating time scheduled and was regularly scheduled to

work 40 or more hours in a work week for Defendant. Hen generally worked fluctuating shifts, working from 5:30 am to 6pm one week and then on his next scheduled rotation would work from 530pm to 6am.  When working the night shift, he received a $1.50 per hour pay differential.  Because he would often work overtime, in April or May 2019, he questioned whether he was being properly paid overtime.  At that time, the company then begam a pattern of harassment and retaliation until he was terminated in May 2020.

4. Plaintiff Brazil was being paid $36.01 per hour.  However, it is contended that he was not properly paid at a rate of time and a half, or $54.02, when he worked over 40 hours during any one week period.  Plaintiff seeks an accounting and record review of all pay and time records for a period of three years prior to the date of filing of this Complaint.

5. As a Pipeline Controller 2, Plaintiff generally oversaw the transport and storage of petroleum products for Defendant.  The department was supervised by Tim Fairbanks, who oversaw the operation of the department.

6. Mr. Brazil and others in his position could not hire and fire.  It is asserted he generally worked 12 and one half hours each day and was not properly paid for all overtime hours worked.

7. It is contended that the FWW formula does not apply in this instance as there was no demonstrable mutual agreement between Plaintiff and Defendant that Plaintiff would be paid a fixed weekly salary regardless of the number of hours worked.

8. Under the FLSA, Mr. Brazil would be entitled to recovery of at least two years of unpaid overtime and liquidated damages and three years of recovery if the court finds that the conduct is willful.  It is contended that he worked an average of 8 ½ hours of overtime per week.  As a result, he would have been entitled to at least $432.16 in unpaid overtime per week and liquidated damages of a similar amount.  It is estimated that unpaid overtime could be as much as $22,472.32 per year and liquidated damages would be also $22, 472.32 per year.

9. It is contended Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

### VI.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

10. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

11. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

12. Plaintiff Brazil further asserts that he suffered retaliation after asking about his unpaid overtime.  Immediately after he asked about unpaid or recoverable overtime, the company began disciplining him and eventually terminated him.  He also lost bonuses and pay increases after questioning unpaid overtime.  Plaintiff Brazil asserts the company violated Section 15(a)(3) of the FLSA which states that it is a violation for *any person* to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Employees are protected regardless of whether the complaint is made *orally* or *in writing*.

**13.** As a result, Plaintiff Brazil seeks all recoverable damages for what he asserts are recoverable under the Act, including without limitation reinstatement, promotion, and the payment of wages lost and an additional equal amount of liquidated damages, mental anguish and emotional distress damages, past and future, plus attorneys' fees and court costs.

## VII.   RELIEF SOUGHT

14. WHEREFORE, cause having been shown, Plaintiff prays for a judgment against one or more Defendants as follows:

    a.    For an Order pursuant to the FLSA finding Defendant(s) liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b.    For an Order requiring reinstatement, pay of lost wages, past and future, damages for mental anguish and emotional distress and any additional liquidated damages amount and all available equitable relief; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees as provided under 29 U.S.C. section 216 (b) and/or section 15 (a) (3) of the Act; and

    d.    For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

 /s/ Adam Poncio
**ADAM PONCIO**
State Bar No. 16109800
salaw@msn.com
**ALAN BRAUN**
State Bar No. 2405488
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:(210) 212-7979
Facsimile:(210) 212-5880

**ATTORNEYS FOR PLAINTIFF**